# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CHARLES EDWARD HUEBLER,<br>    *Petitioner*,<br>vs.<br><br>LENARD VARÉ, *et al.*<br>    *Respondents*. | 3:05-cv-00048-RCJ-VPC<br><br>ORDER |

Following upon the Court's prior order (#79) vacating the appointment of the Federal Public Defender,

IT IS ORDERED that Mary Lou Wilson, Esq., 333 Marsh Ave., Reno, NV 89509, 775-337-0200, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B).

IT FURTHER IS ORDERED that, given the length of the present counseled amended petition and the time for review and possible investigation likely required for replacement counsel, petitioner shall have until up to and including **one hundred twenty (120) days** from entry of this order within which to file an amended petition and/or seek other appropriate relief. Neither the foregoing deadline nor any extension thereof signifies or will signify, in and of itself, any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating all limitation periods and timely presenting exhausted claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any

amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that, also given the length of the present counseled amended petition, petitioner may incorporate, in whole or in part, the current amended petition (#28) and exhibits by reference, Local Rule LR 15-1(a) notwithstanding. That is, for this particular case, petitioner need not file a stand-alone pleading re-alleging claims and allegations from the current amended petition without incorporation. Petitioner instead may file an amended pleading incorporating the current amended petition in whole or in part. If petitioner adds additional grounds, petitioner shall number the first new ground as Ground 6, even if petitioner elects to omit any of the Grounds 1 through 5 presented in the prior amended petition.[1] If petitioner instead elects, following a conflict-free review, to stand on the current amended petition as is in full, then petitioner simply can file a notice to that effect.

IT FURTHER IS ORDERED that, regardless of whether an additional pleading or instead a notice is filed, petitioner shall file a verification of the pleading or notice within **ten (10) days** of the filing of the pleading or notice.

IT FURTHER IS ORDERED that respondents shall file a response to the pleadings as they then stand, including potentially by motion to dismiss, within **sixty (60) days** of service of the verification, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. **Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 4.**

IT FURTHER IS ORDERED that any procedural defenses raised by respondents subsequent to this order shall be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein following this order either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be

---

[1] For example, if petitioner adopts the current Grounds 1 through 5 in full and adds a new Ground 6, the amended pleading filed would state that Grounds 1 through 5 from the current amended petition are incorporated in full and realleged *in extenso* and then would allege Ground 6 next in sequence.

1  subject to potential waiver.  Respondents shall not file a response in this case that
2  consolidates their procedural defenses, if any, with their response on the merits, except
3  pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If
4  respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do
5  so within the single motion to dismiss **not** in the answer; and (b) they shall specifically direct
6  their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*,
7  406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion,
8  shall be included with the merits in an answer.  All procedural defenses, including exhaustion,
9  instead must be raised by motion to dismiss.

10  IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents shall
11  specifically cite to and address the applicable state court written decision and state court
12  record materials, if any, regarding each claim within the response as to that claim.

13  IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** from service of
14  the answer, motion to dismiss, or other response to file a reply to an answer or an opposition
15  to a motion to dismiss, with any other requests for relief by respondents by motion otherwise
16  being subject to the normal briefing schedule under the local rules.

17  IT FURTHER IS ORDERED that petitioner's counsel shall not refile with any amended
18  petition copies of exhibits that already have been filed previously.  Any additional exhibits filed
19  shall be filed with a separate index and in the same manner as the prior exhibits at ## 30-32,
20  56-57 & 69-70. **The hard copy of any exhibits filed by either counsel subsequent to this**
21  **order shall be delivered to – for this case — the Clerk's office in Reno.**

22  The Clerk shall: (a) regenerate notices of electronic filing to replacement counsel for
23  all prior filings; and (b) SEND a copy of this order to Mr. Huebler and to the CJA Coordinator.

24  DATED: APRIL 28, 2014

_____
ROBERT C. JONES
United States District Judge

-3-